UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

       Plaintiff,

v.                                                      Case No. 5:02-cv-177
                                                      HON. ROBERT J. JONKER

JOHN LANG, et al.,

       Defendants.
_____/

DAVID J. SCOTT,

       Plaintiff,

v.                                                      Case No. 2:06-cv-103

GEORGE BABIK, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  A telephone settlement conference was scheduled in this matter for February 7, 2008, at 11:00 a.m.  At the day and time of the conference, plaintiff failed to answer his telephone.  Therefore, on February 7, 2008, the Court issued an order rescheduling the settlement conference for February 26, 2008, at 10:00 a.m., in Marquette, Michigan.  The parties were ordered to appear for the settlement conference in person.  Plaintiff's copy of the order was mailed to a Post Office box address provided to the Court by plaintiff.  On February 21, 2008, plaintiff's copy of the order was returned to this Court as undeliverable, indicating that the Post Office box has been closed.  Plaintiff has failed to

keep this Court apprised of his current address.  Plaintiff's complaint is subject to dismissal for failure to prosecute.  See Fed. R. Civ. P. 41(b); *Catz v. Chalker*, 142 F.3d 279, 286 (6th Cir. 1998); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Buck v. U.S. Dept. of Agriculture*, 960 F.2d 603 (6th Cir. 1992).

Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety for failure to prosecute.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   February 21, 2008